UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV31-3-V
(5:98CR192-1-V)

| | |
|---|---|
| BRYON JOSEPH KNOX, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed February 21, 2006 (Document No. 1.)

### I. Factual and Procedural Background

A review of the record reflects that on December 22, 1998, Petitioner pled guilty, without the benefit of a plea agreement, to conspiracy to distribute a quantity of cocaine and cocaine base. This Court sentenced Defendant on June 21, 1999 to a total term of 180 months imprisonment plus five years supervised release. Judgment was entered July 23, 1999 and Petitioner did not appeal.

Petitioner filed the instant § 2255 motion on February 21, 2006, over six and one half years after he was sentenced. Pursuant to the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), the Court send Petitioner a notice pursuant to Hill, allowing Petitioner to file a document explaining why his petition should be deemed timely filed. On March 8, 2006 Petitioner filed a document in response to this Court's Hill notice explaining that his Petition is

1

late because he filed it in response to the Supreme Court's January 12, 2005 decision in Booker v. United States, which held the United States Sentencing Guidelines to be unconstitutional.

The short response is to note that Petitioner filed the instant Motion to Vacate over five years too late and his stated reason for doing so does not invoke 2255(3) or justify equitable tolling.

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on June 21, 1999, and judgment was entered on July 23, 1999. Petitioner did not file a notice of appeal. Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final 10 days from the date judgment was entered,

around August 2, 1999. Therefore Petitioner had until about August 2, 2000 to file his § 2255 motion. Petitioner did not file the instant Motion to Vacate until February 21, 2006 – that is, more than five years after the expiration of the limitations period.

By way of explanation for his late petition, Petitioner argues that he filed his Petition pursuant to the new Supreme Court rule announced on January 12, 2005 in the case of United States v. Booker, 125 S. Ct 738 (2005).

The Court first notes that it is aware of the recent pronouncements in Apprendi, Blakely and Booker/Fanfan. The Court is also aware of the Fourth Circuit Court of Appeals recent case which concluded that Booker cannot be retroactively applied in cases such as this. See United States v. Morris, 429 F.3d 65 (4th Cir. 2005). In Morris, the Fourth Circuit plainly said that Booker was a new rule, for purposes of Teague retroactivity analysis however, Booker was not a watershed rule warranting retroactive application. Morris, 429 F.3d at 72. The Morris case is binding on this Court and controls the outcome of this case. In Morris, the Fourth Circuit joined nine other circuits in holding that Booker does not apply retroactively to cases on collateral review. See Morris, 429 F.3d 65 at ft.nt 2.

Moreover, in United States v. Dodd, 125 S.Ct. 2478, the Supreme Court explained that the one year limitations period in § 2255(3) is limited to cases in which applicants are seeking to assert rights "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Court further explained that 2255(3) does not apply at all if the conditions in the second clause - "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" - have not been satisfied. Said another way, a federal prisoner may take advantage of the date in the first clause of 2255(3) only if the

conditions in the second clauses are met. Id. at 2482. The Supreme Court has not made the new rule stated in Booker retroactive to cases pending on collateral review and the Fourth Circuit has explicitly held that the rule stated Booker is not retroactively applicable to cases on collateral review. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). Therefore, Petitioner has not satisfied the conditions stated in 28 U.S.C. 2255(3) as one year has passed since the Supreme Court stated the new rule articulated in Booker and the Supreme Court has not made that rule retroactively applicable to cases on collateral review.

Furthermore, in United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688. It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4h Cir .2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner basically claims that he filed his Petition in direct response to the United States Supreme Court's decision in Booker. As explained above, the Booker is not retroactively applicable to cases on collateral review. Applying the above cited test to Petitioners particular situation, Petitioner fails to establish that his stated reason for filing his Petition almost five years

4

too late qualifies as extraordinary, out of his control and which prevented him from filing his § 2255 motion on time. Petitioner's stated reason for failing to timely file his Motion to Vacate will not save his petition.

For the foregoing reasons, this Court concludes that Petitioner's February 21, 2006 Motion to Vacate is untimely, does not qualify for equitable tolling, and therefore must be <u>dismissed</u>.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is <u>dismissed</u> as untimely.

**SO ORDERED.**

Signed: March 13, 2006

Richard L. Voorhees
Chief United States District Judge