**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:98-cr-192-1
(5:06-cv-31-3)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **BYRON JOSEPH KNOX,** ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion to vacate or correct sentence pursuant to FED. R. CIV. P. 60(b)(6) (Document #254), filed November 11, 2006. Because the Court determines that this is a successive § 2255 motion, the court lacks jurisdiction to consider the same, and Defendant's motion is dismissed.

This case's procedural history is detailed in the Court's Order (Document #253) entered March 13, 2006 dismissing Defendant's previously filed § 2255 motion as untimely, and it will not be repeated here. In the instant motion, Defendant challenges certain state convictions that led to an increase in his criminal history at sentencing. (Document #254 at 1-2.) Although Defendant characterizes his motion as made pursuant to FED. R. CIV. P. 60(b)(6), because it attacks his sentence post-conviction, it is properly considered a motion made pursuant to § 2255.

A successive § 2255 motion may only be considered by the district court in certain limited instances. The Fourth Circuit has described these circumstances as follows:

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

> evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> . . .
>
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
>
> . . .
>
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive* or repetitive claims.

United States v. Winestock, 340 F.3d 200, 204-05 (4th Cir. 2003).

Thus, "[t]he ultimate question here is whether [Defendant's] motion for [relief] should [be] treated as a successive collateral review application." Id. at 203. In considering this question, the "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." Id. at 206 (emphasis in original). As previously noted, Defendant has already filed one motion pursuant to § 2255. The arguments in Defendant's instant motion are, in actuality, "a successive application in 60(b)'s clothing" because they "directly attack[]" the Defendant's sentence using "new legal arguments or proffers of additional evidence." Id. at 207. Since the present motion has not been certified "by a panel of the appropriate court of appeals," the undersigned has no jurisdiction to entertain it. 28 U.S.C. § 2255. If Defendant wishes to file a further motion attacking his sentence, he must first receive authorization from the Fourth Circuit Court of Appeals. Winestock, 340 F.3d at 205.

---

*I.e., "claims presented for the first time in a second or successive application." Winestock, 340 F.3d at 204.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion is a successive motion pursuant to 28 U.S.C. § 2255 and that this motion is hereby **DISMISSED** for lack of jurisdiction.

Signed: September 24, 2009

Richard L. Voorhees
United States District Judge